UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| GLORIA JONES, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:16-cv-00408-WCL-SLC |
| PARKVIEW HOSPITAL INC., *doing business as* Parkview Regional Medical Center, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a letter filed on February 27, 2019, by Plaintiff Gloria Jones, who is now proceeding *pro se* in this discrimination case under Title VII and the Family Medical Leave Act ("FMLA") against her former employer, Defendant Parkview Hospital, Inc. ("Parkview"). (DE 63). In the letter, Jones asks the Court to appoint counsel to represent her in this case and to vacate Parkview's upcoming deposition of Jones set for March 7, 2019. Jones also raises various complaints about her former counsel's representation of her in this case, and the attorney fee lien filed by her such counsel. For the following reasons, Jones's various requests will be DENIED.

### I. REQUEST FOR APPOINTMENT OF COUNSEL

*A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1).

The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018) (citation omitted); *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [herself]." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (citation and internal quotation marks omitted). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical

one, made in light of whatever relevant evidence is available on the question." *Id*.; *see also McCaa*, 893 F.3d at 1032-33.

## B. Analysis

When considering a *pro se* plaintiff's request for counsel, this Court as a threshold matter requires that a *pro se* plaintiff first contact at least three attorneys concerning the case. *See, e.g., Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016). Here, Jones has satisfied this threshold requirement, as not only has she had two different law firms represent her (only to later withdraw), but she also states that about 12 attorneys have told her that they would take her case but for the attorney fee lien. (*See* DE 43; DE 54; DE 63 at 2).

Jones's request for counsel, however, will be denied on other grounds. This is because it is evident that Jones seems capable of litigating her claims herself, at least at this stage of the proceedings. This suit is a relatively straightforward employment discrimination action: Jones claims that her former employer, Parkview, discriminated and retaliated against her based on her race, sex, and age, and because she used medical leave under the FMLA. (DE 22); *see, e.g., Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying the plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "'nonintuitive procedural requirements applied in a setting of complex legal doctrine'" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Since Jones has been proceeding *pro se*, she has prepared and filed two letters seeking various relief from the Court. (DE 59; DE 63). Jones has also appeared at several conferences

3

before the Court, at which she was able to adequately articulate her position. (DE 18; DE 34; DE 43; DE 58; DE 61). Furthermore, Jones has a 24-year employment history with Parkview as a pharmacy technician. (*See, e.g.*, DE 63 at 1, 5, 10, 27). Thus, it is obvious that Jones is literate and has adequate communication skills, at least for purposes of representing herself. And while she does have some health concerns, Jones does not suggest that any of these conditions interfere with her ability to prosecute this case *pro se*. (DE 63 at 1-3); *cf. McCaa*, 2018 WL 3134606, at *4 (concluding that the district court erred by not appropriately considering that the incarcerated plaintiff's mental capacity required him to obtain assistance from another inmate); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected the plaintiff's low IQ, functional illiteracy, and poor education).

Moreover, the facts of this case are within Jones's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Jones is not incarcerated, and thus, she has the freedom and ability to perform her own legal research.

For these reasons, Jones appears to be competent and fully capable of representing herself in this suit, at least during the discovery phase. *See Zarnes*, 64 F.3d at 289. Consequently, her motion will be DENIED without prejudice. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

4

## II.  REQUEST TO VACATE DEPOSITION AND COMPLAINTS ABOUT FORMER COUNSEL

Jones also asks in her letter to vacate her deposition set for March 7, 2019, for the reason that her former counsel allegedly made false statements in her discovery responses and she speculates that she will contradict some of these answers at her deposition.  This request is accompanied by a litany of complaints about her former counsel, as well as a plea that the Court remove the attorney fee lien placed against her.

The Court cannot grant Jones the relief that she seeks.  Neither Jones's complaints about her former counsel's representation, nor the attorney fee lien, are issues properly before this Court.  Nor will the Court vacate Jones's deposition based on Jones's speculation that she will contradict her prior discovery responses.  Therefore, Jones's request to vacate the deposition set for March 7, 2019, will be DENIED.

## III.  CONCLUSION

For the reasons stated herein, Jones's request for the appointment of counsel (DE 63) and to vacate the deposition set for March 7, 2019, are DENIED.  The Clerk will send a copy of this Opinion and Order to Plaintiff; additionally, Defendant is DIRECTED to also notify Plaintiff instanter and forward a copy of this Opinion and Order to Plaintiff.

SO ORDERED.  Entered this 4th day of March 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge