UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **GLORIA JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00408-WCL-SLC |
| | ) |
| **PARKVIEW HOSPITAL INC.,** *doing business* | ) |
| *as* **Parkview Regional Medical Center,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion by *pro se* Plaintiff Gloria Jones asking for the third time that the Court appoint counsel for her. (ECF 81). She also asks for a sixty-day extension of time to respond to Defendant's pending motion for summary judgment. (ECF 80).

As explained in this Court's prior Order denying Jones's request for counsel, civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. (ECF 65 at 1 (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). In that Order, the Court described the various factors it must consider when considering a request for counsel (*id.* at 1-2); those factors will not be repeated here.

As explained in the prior Order, Jones has had two different law firms represent her (only to later withdraw) and has contacted at least twelve attorneys about her case. (*Id.* at 3). As such, Jones has made a reasonable attempt to obtain counsel, satisfying the first inquiry under *Pruitt*. 503 F.3d at 654-55; *see also Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020).

Under the second inquiry in *Pruitt*, the Court must consider whether given the difficulty of the case, Jones appears competent to litigate herself. 503 F.3d at 654-55; *see also Thomas*, 951 F.3d at 859. Jones claims that Defendant, her former employer, discriminated and retaliated

against her based on her race, sex, and age, and because she used medical leave under the FMLA.  (ECF 65 at 3).  Defendant has now filed a motion for summary judgment.  (ECF 77).  The difficulty of Jones pursuing this employment discrimination action—specifically, in filing a response to the summary judgment motion—must be weighed against her litigation capabilities.  *See Thomas*, 951 F.3d at 860.

While there is no indication that Jones has any prior litigation experience, she has a 24-year employment history as a pharmacy technician, which indicates that she is literate and has adequate communication skills and intellectual capacity.  (ECF 65 at 4 (citations omitted)).  Although Jones reports a history of various physical health issues (left shoulder problems, sarcoidosis, and diabetes), this medical history does not include diagnoses relating to mental illness.  (*See* ECF 63 at 1); *cf. Thomas*, 951 F.3d at 861.  Nor does Jones suggest that her various health conditions prevent her from litigating this case *pro se*.  Furthermore, Jones currently runs a daycare business for preschool-age children from her home (ECF 39 at 1), which suggests that she has at least some ability to multi-task, supervise others, and maintain organization.  Also, Jones's various filings reflect an ability to advocate for herself and convey details about her claims.  (*See, e.g.*, 63, 68, 69, 80, 81).  All of these factors suggest that Jones is capable of filing a response *pro se* to Defendant's pending motion for summary judgment (ECF 77).

It is also material that Jones has had two different law firms represent her in this action previously, but both have eventually sought leave to withdraw.  (ECF 35, 43, 52, 58).  One cited an irretrievable breakdown in the attorney-client relationship (ECF 35), and the other could not sustain the "burden associated with Ms. Jones' litigation needs and desires" (ECF 52).  This suggests that even if counsel were recruited for Jones, the attorney-client relationship would

likely to follow a similar path, and thus, not significantly change the outcome of this case. *Cf. Thomas*, 951 F.3d at 861.  "The valuable help of volunteer lawyers is a limited resource," and the recruitment of a lawyer on Jones's behalf in this instance does not appear to be a prudent use of that limited resource. *Cartwright v. Silver Cross Hosp.*, — F.3d —, 2020 WL 3287021, at *3 (7th Cir. June 18, 2020) ("It's worth reemphasizing that the assistance of a pro bono lawyer in civil litigation is a privilege[,]" not a right. (citation omitted)).

For all of these reasons, Jones's third request for Court-recruited counsel (ECF 81) is DENIED.  The Court will, however, GRANT Jones's request for an extension of time (ECF 80), affording her to and including August 15, 2020, to file her response to Defendant's summary judgment motion.

SO ORDERED.

Entered this 30th day of June 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge